Argued and submitted January 29, 2014, reversed and remanded
January 22, petition for review denied June 4, 2015 (357 Or 325)

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

ARICK TITUS SUNDBERG,
*Defendant-Respondent.*

Linn County Circuit Court
05102194; A150611

342 P3d 1090

David B. Thompson, Senior Assistant Attorney General,
argued the cause for appellant. With him on the opening
brief were Mary H. Williams, Deputy Attorney General, and
Anna M. Joyce, Solicitor General. With him on the reply
brief were Ellen F. Rosenblum, Attorney General, and Anna
M. Joyce, Solicitor General.

Kristin A. Carveth, Deputy Public Defender, argued
the cause for respondent. With her on the brief was Peter
Gartlan, Chief Defender, Office of Public Defense Services.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.*

DUNCAN, P. J.

---

* Duncan, P. J., *vice* Edmonds, S. J.

## DUNCAN, P. J.

In this criminal case, the state appeals the trial court's pretrial order excluding certain testimony. *See* ORS 138.060(1)(c) (providing for appeals by the state of trial court pre-trial orders suppressing evidence). The court excluded the testimony on the grounds that it was irrelevant and an impermissible comment on the credibility of a witness. For the reasons explained below, we conclude that the evidence was relevant and was not an impermissible comment on the credibility of a witness. Therefore, we reverse and remand.

The state tried defendant for sexual abuse in the first degree, ORS 163.427,[1] and attempted unlawful sexual penetration, ORS 163.411 and ORS 161.405,[2] for sexually touching the complainant, his ten-year-old niece, A.[3] A jury found defendant guilty of both crimes, the trial court entered a judgment of conviction, and defendant appealed. The Supreme Court reversed the judgment and remanded the case for a new trial on the ground that the trial court erred by using an anonymous jury. *State v. Sundberg*, 349 Or 608, 625, 247 P3d 1213 (2011).

On remand, defendant filed a pretrial motion to limit the testimony of the doctor who had conducted an

---

[1] ORS 163.427 provides, in part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age[.]"

[2] ORS 163.411 provides, in part:

"(1) Except as permitted under ORS 163.412, a person commits the crime of unlawful sexual penetration in the first degree if the person penetrates the vagina, anus or penis of another with any object other than the penis or mouth of the actor and:

"*****

"(b) The victim is under 12 years of age[.]"

ORS 161.405 provides, in part:

"(1) A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

[3] The state initially charged defendant with unlawful sexual penetration, but during the first trial the state reduced the charge to attempted unlawful sexual penetration in light of the evidence presented.

examination of A in connection with the alleged sexual touching.[4] When the trial court ruled on defendant's motion, it used a transcript of the doctor's testimony at the first trial to identify what testimony it was excluding.

Among the testimony that the trial court excluded was the doctor's description of how she had examined A and what A had said in response to certain questions during the examination. The court crossed out the following paragraphs in the transcript, indicating that it would not allow the doctor to testify to the same matters during the retrial:

> "[DOCTOR:]   And I ask the child when I first have my hands on the labia majora, 'Do you call this the outside of your body or the inside of your body?' 99.9 percent of children, including [A], described that as the outside. I move that to the side, I ask the children, and I asked [A] this as well, 'That part in between the labia and the hymen, do you call that outside or inside?' And [A] referred to that as inside of her body as also do 99.9 percent of children at this age, children who have not started their periods ye[t]. Girls who have not started their periods have not put tampons inside their vagina, they really only have the vaguest concept of what inside the vagina is, and they refer to the hymen and the area in between their labia as inside. And because they haven't gone through puberty yet, that part of their body is very sensitive to touch and very painful if it's touched, actually.

> "\* \* \* \* \*

> "[PROSECUTOR:]   Okay. Based on your training and experience, is it typical for children, particularly of [A's] age, to consider that portion, the vestibule, to be inside of their body?

> "[DOCTOR:]   Yes. It's very typical for children this age to call that inside of their body."

The trial court ruled that the doctor could not testify that A's report was "consistent with or 'normal' to other females [because] that would be \* \* \* improper vouching

---

[4] In his motion, defendant moved to exclude the doctor's testimony about her diagnosis of sexual abuse, the significance of such a diagnosis, and the physical examination she conducted. The state conceded that the doctor's testimony about her diagnosis, which was not supported by any physical evidence, was inadmissible under *State v. Southard*, 347 Or 127, 142, 218 P3d 104 (2009).

for the credibility of a witness." The court also ruled that, because defendant was not charged with a crime requiring proof of penetration, the doctor's testimony about "the child's understanding of various parts of her body" and "how the child would sense touching inside of her vagina" was irrelevant. Although it excluded the evidence from the state's case-in-chief based on the record before it at the motion hearing, the trial court ruled that the evidence could become admissible as rebuttal evidence if defendant "open[s] a door" to it.

On appeal, the state, by its own description in its opening brief, "presents a narrow challenge to the trial court's pretrial ruling excluding evidence that 10-year-old girls, like the alleged victim in this case, typically describe the area between their labia and hymen as inside the vagina, even though that area actually is outside the vagina." According to the state, that evidence is "admissible expert testimony that will help the jury assess the credibility of [A's] account of defendant's misconduct" and "does not *** constitute impermissible 'vouching' for the credibility of a witness" because it is not a comment on A's credibility.

In his answering brief, defendant argues, as an initial matter, that we lack subject matter jurisdiction to decide this appeal. According to defendant, "ORS 138.060(1)(c) grants the state the right to appeal from a pretrial order suppressing evidence" and we do not have jurisdiction to decide this appeal because the state "is not appealing from an order 'suppressing' evidence, as that term has been defined." (Emphasis omitted.) Defendant acknowledges that, in *State v. Koennecke*, 274 Or 169, 545 P2d 127 (1976), the Supreme Court concluded that ORS 138.060(1)(c) allows the state to appeal from any pretrial order excluding evidence, but defendant argues that *Koennecke*, which was decided before the court adopted its current method for interpreting statutes in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), was wrongly decided. Based on *Koennecke*, we reject defendant's argument without further discussion.

As to the merits of the state's challenge to the trial court's ruling, defendant argues that the court properly excluded the evidence at issue because the state—which, as

the proponent of the evidence, bore the burden of proving its admissibility—failed to establish that the evidence was relevant either to proof of the charged crimes or to A's credibility. First, defendant argues that the state failed to establish that the evidence was relevant to prove the charged crimes because those crimes—first-degree sexual abuse and attempted first-degree unlawful sexual penetration—do not require penetration of the vagina. See ORS 163.427(1)(a)(A), ORS 163.411(1)(b), and ORS 161.405(1), set out above. 268 Or App at 579 n 1-3. Specifically, defendant argues that "evidence concerning [A's] knowledge of female anatomy" is irrelevant because it "[does] not make it any more or less probable that defendant touched her on a sexual or other intimate body part, or that he took a substantial step toward penetrating her vagina." Second, defendant argues that, although the state asserts that the evidence is relevant to an assessment of A's credibility, the state "neglected to articulate *how* it [is] relevant in that way." (Emphasis in original.) Defendant also argues that, even if the evidence is relevant, the trial court properly excluded it on the ground that it constitutes impermissible vouching for the credibility of a witness.

In its reply brief, the state does not dispute defendant's assertion that the charged crimes do not include penetration as an element, and it does not contend that the evidence is admissible to prove an element of the crimes. Instead, the state responds to defendant's argument that it failed to articulate how the evidence is relevant to an assessment of A's credibility by asserting that the evidence was admissible "to counter a possible inference by the jury that [A's] apparent uncertainty about where she was touched indicates possible fabrication."

In support of its argument, the state relies on *State v. White*, 252 Or App 718, 288 P3d 985 (2012), a child sexual abuse case in which the complainant first reported the abuse five years after it allegedly had occurred and we held that the trial court erred in excluding expert testimony regarding the phenomenon of delayed reporting of sexual abuse. We explained that the expert testimony was "relevant to help explain why the complainant may have delayed reporting the abuse and to counter a possible inference by the jury that the delay is indicative of fabrication." *Id.* at

723. The state argues that, under *White*, the doctor's testimony at issue in this case was admissible to explain "the apparent inconsistency in [A's] indications of where defendant had touched her[.]"

As we understand it, the state's argument is that a juror could infer that A made inconsistent statements about where defendant had touched her and that the doctor's testimony is admissible to explain the apparent inconsistency. As described above, during her examination of A, the doctor asked A whether the area between her labia and hymen was outside her body or inside, and A answered "inside." Later in the examination, the doctor asked A to tell her about how defendant touched her and A indicated that defendant had touched her in the area where the doctor was "just checking." The doctor had checked A's genital area, first touching the labia majora, then moving those folds of skin to the side to view the hymen, which is a ring of tissue at the opening of the vagina, with a colposcope. The doctor did not touch A's hymen or vagina. Later, referring back to their conversation about the outside and inside of her body, the doctor asked A if the touching was outside or inside, and A answered "inside."

It appears that the state's theory is that a juror could infer that, when A told the doctor that defendant had touched her where the doctor was "just checking," A meant that defendant had touched her *outside the vagina*, but when A told the doctor that defendant had touched her "inside," A meant that defendant had touched her *inside the vagina*. From those inferences, the state theorizes, a juror could further infer that A had made inconsistent statements and was confused or lying. To protect its case against those inferences, the state contends that it was entitled to introduce evidence to explain why, if A's reference to the area where the doctor was "just checking" was to an area that is outside the vagina, A would refer to that area as "inside."

We agree with the state that the doctor's testimony that 10-year-old girls typically describe the area between their labia and hymen as "inside" their body is relevant to explain why A might have indicated to the doctor that defendant touched her outside the vagina but then said that

defendant touched her inside her body. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401. Here, A's credibility is at issue; she is the complainant and the outcome of the case will depend on whether the trier of fact accepts her version of events. If the trier of fact finds that A described defendant's actions in two different ways, it could find that A has made inconsistent statements and, therefore, is not credible. The evidence at issue is relevant to whether A actually made inconsistent statements.

Having concluded that the evidence is relevant, we turn to the question of whether the evidence constitutes an improper comment on the credibility of a witness. As the Supreme Court has ruled, "a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth[,]" *State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983), or make a statement that is tantamount to such an opinion, *State v. Milbradt*, 305 Or 621, 629-30, 756 P2d 620 (1988). The principle underlying that rule, as it applies to expert witnesses, is that "expert testimony must assist, not supplant, the jury's assessment of credibility." *State v. Remme*, 173 Or App 546, 562, 23 P3d 374 (2001). Thus, an expert cannot testify, directly or indirectly, that he or she believes that another witness's statement was truthful, but an expert can provide testimony that "does no more than provide jurors with useful, nonconclusive information from which *inferences* as to credibility *may* be drawn." *Id.* (emphasis in original).

Depending on the context in which it is offered, expert testimony regarding statements by a complainant in a child sexual abuse case may be admissible. For example, in *Remme*, we held that expert testimony regarding recantations by child abuse victims did not constitute an impermissible comment on the credibility of the complainant in the case. *Id.* at 563-64. We explained that admission of the experts' testimony that recanting is not uncommon and that it is more likely to occur when children who report abuse are not supported by their families or when there are threats to their safety "did no more than provide the jury

with information useful in making [its] assessments" of the complainant's statements. *Id.*; *see also State v. Romero,* 191 Or App 164, 81 P3d 714 (2003), *rev den,* 337 Or 248 (2004) (expert testimony regarding why arrestees in general, and the defendant in particular, might falsely confess did not constitute an impermissible comment on the credibility of the defendant).

Notably, the Supreme Court has observed that expert testimony in a child sexual abuse case regarding whether the complainant's statements were "developmentally appropriate for her age is the kind of expert opinion that can assist a jury and ordinarily would be admissible." *State v. Lupoli,* 348 Or 346, 362, 234 P3d 117 (2010) (so stating, but excluding such evidence on the ground that it was "inextricably bound up with" other testimony that constituted impermissible vouching); *see also State v. Preuitt,* 255 Or App 215, 223, 296 P3d 648, *rev den,* 353 Or 868 (2013) (although expert could have testified about the complainant's demeanor and physical characteristics and provided general information regarding circumstances that indicate a child is or is not suggestible, expert could not testify regarding her own conclusions about the complainant's credibility).

In this case, the evidence on which the state has focused its appeal—that 10-year-old girls, like A, typically describe the area between their labia and hymen as inside their body—is not an impermissible comment on the credibility of A. It is not a direct or indirect statement that the doctor believes that A is telling the truth; it is simply an explanation for why A might have described her anatomy as she did. It is akin to the type of testimony regarding age-appropriate statements that "ordinarily would be admissible." *Lupoli,* 348 Or at 362. It provides information that could assist the jury in making its own assessment of the meaning of A's statements and, by extension, her credibility.

In sum, we conclude that the evidence upon which the state has focused its appeal—specifically, the doctor's testimony that A described the area between her labia and her hymen as "inside" her body, as is typical for girls her age—is relevant to explain the apparent inconsistency in A's statements regarding where defendant touched her, and we

further conclude that the evidence is not an impermissible comment on the credibility of a witness because it is not a direct or indirect statement of the doctor's assessment of the truthfulness of A's statements.

Reversed and remanded.